J-S65028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAFONSA GROVER PERRY, II, | |
| Appellant | No. 3167 EDA 2014 |

Appeal from the Judgment of Sentence September 16, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003651-2012

BEFORE:  BENDER, P.J.E., SHOGAN, and JENKINS, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED NOVEMBER 16, 2015**

Appellant, Lafonsa Grover Perry, II, appeals from the judgment of sentence entered following his open guilty plea to one count of rape of a child.  We affirm.

The record reflects that from September of 2011 through January of 2012, Appellant, a twenty-two-year-old man, communicated with eleven-year-old H.M., through the social networking website, Facebook.  N.T., Sentencing, 9/16/14, at 53.  Appellant, who, through their conversations was aware that H.M. was only eleven years old, told H.M. that he thought she was cute and beautiful.  *Id*. at 54-55.  Eventually, Appellant invited H.M. to "hang out."  *Id*. at 54.  Initially, H.M. visited Appellant accompanied by her friends, but Appellant told her that he wanted to be alone with her.  *Id*. When Appellant and H.M. were alone, he gave her marijuana to smoke;

when H.M. was under the influence, Appellant took the child to his bedroom. *Id*. Once inside his bedroom, Appellant engaged in vaginal intercourse with H.M. *Id*. Subsequently, H.M.'s aunt discovered sexually explicit Facebook messages exchanged between H.M. and Appellant, and on January 19, 2012, H.M.'s aunt reported to the Lansdale Police Department that Appellant had sexually assaulted H.M. Affidavit of Probable Cause, 3/19/12.

On February 24, 2014, Appellant entered an open guilty plea to one count of rape of a child. Following the preparation of a presentence investigation report ("PSI"), the trial court sentenced Appellant to a term of fifteen to thirty years of incarceration. N.T., Sentencing, 9/16/14, at 68.

On September 25, 2014, Appellant filed a timely motion for reconsideration of his sentence. Following a hearing held on October 24, 2014, the trial court denied Appellant's motion. On November 7, 2014, Appellant filed a timely notice of appeal. Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue for this Court's consideration:

> Whether the fifteen (15) to thirty (30) year sentence of total confinement imposed by the trial court on September 16, 2014, with respect to [Appellant's] conviction for rape of a child, in violation of 18 Pa.C.S. §3121(c) (relating to rape), is (1) unduly harsh, (2) too severe a punishment for his particular offence, (3) in excess of what is necessary for the protection of the community, and thus amounts to an abuse of discretion.

Appellant's Brief at 8 (full capitalization omitted).

- 2 -

Appellant's issue presents a challenge to the discretionary aspects of his sentence. A challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014). Before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in the following four-pronged analysis:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

We note that Appellant has met the first three parts of the four-prong test required prior to our review of the merits of a discretionary challenge to a sentence: Appellant filed a timely appeal; Appellant preserved his sentencing challenge in a post-sentence motion; and Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. Thus, we assess whether Appellant has raised a substantial question.

A determination as to whether a substantial question exists is made on a case-by-case basis. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000). This Court will grant the appeal "only when the appellant advances a

colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* at 912–913.

Appellant's Pa.R.A.P. 2119(f) statement reads, in its entirety, as follows:

> The sentence imposed by the lower court in the instant matter is inconsistent with a specific provision of the sentencing code and contrary to the fundamental norms that underlie the sentencing process. In this case the Guidelines were not a good measure of what the Appellant's sentence should be. Subsection § 9781 (c) states: (c) The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds: (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously; (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

> In the instant matter appellant asserts that the sentencing court sentenced within the Guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable.

Appellant's Brief at 13.

Appellant has failed to explain how or why the sentence imposed was an abuse of discretion, inconsistent with a specific provision of the Sentencing Code, or contrary to the fundamental norms which underlie the sentencing process. Appellant's Rule 2119(f) statement is merely a boilerplate assertion of error referencing 42 Pa.C.S. § 9781. It is well

settled that "[a] Rule 2119(f) statement is inadequate when it simply contains incantations of statutory provisions and pronouncements of conclusions of law." *Commonwealth v. Trippett*, 932 A.2d 188, 202 (Pa. Super. 2007) (citation and quotation marks omitted).

Moreover, the Commonwealth asserts that Appellant has failed to raise any issue in his Pa.R.A.P. 2119(f) statement, and it has objected to this defect. Commonwealth's Brief at 7-10. The Commonwealth argues that Appellant "does not provide any reasoning, argument, or citation to the record or precedent explaining his conclusion that his sentence is unreasonable." *Id*. at 9. "If a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim." *Commonwealth v. Robinson*, 931 A.2d 15, 19 (Pa. Super. 2007). For these reasons, we conclude that Appellant has failed to present a substantial question for our review, and therefore, we affirm the judgment of sentence.[1]

Judgment of sentence affirmed.

---

[1] The trial court also concluded that Appellant failed to present a substantial question. Trial Court Opinion, 3/6/15, at 5. The trial court pointed out, however, that if Appellant had raised a substantial question, there was no abuse of discretion in the sentence imposed, and the trial court thoroughly discussed the reasons for affirming Appellant's judgment of sentence. *See id*. at 6-10. Similarly, had we concluded that Appellant raised a substantial question, we discern no abuse of discretion and would affirm on the bases posited by the trial court.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/16/2015</u>