J. S38013/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| NOEL BAUTISTA, | : | No. 2964 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, August 18, 2015,
in the Court of Common Pleas of Lehigh County
Criminal Division at Nos. CP-39-CR-0000116-2015,
CP-39-CR-0000129-2015

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 24, 2016**

Noel Bautista appeals from the August 18, 2015 judgment of sentence in the Court of Common Pleas of Lehigh County following his convictions of two counts of robbery and one count of possession of a small amount of marijuana.[1]  We affirm.

During the guilty plea proceedings, appellant admitted to the following facts:

> Case 129 occurred first in time.  That was December 28, 2014.  Allentown police were responding to a report of an armed robbery that had occurred in the area of 1205 Lehigh Parkway South.
>
> The victim stated that he had responded to a Craig's List ad that was using a given telephone number and through several text messages to the phone number

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii) and 35 P.S. § 780-113(a)(31), respectively.

the victim had agreed to meet with a female party in the area of 1205 South Parkway.

When the victim arrived in the area he was not met by a female but was, in fact, met by [appellant] who asked if he was there to meet Kayla.

The victim was advised to go to the rear of 1205 Lehigh Parkway South where he was met by another Hispanic male. They both pulled out handguns, pointed them at the victim and demanded his money.

They took his cell phone and cash which was approximately $200.

. . . .

Case 116 occurred next on January 3rd of 2015.

At around 3:30 a.m. Allentown police were summoned to the Wawa on Lehigh Street for a report of an armed robbery.

The victim states that he had responded to a Back Page ad advertising an escort, that he was directed to the Roadway Inn in Allentown. He was communicating via a telephone number.

And when he arrived he was approached by [appellant] who got into his car and made him drive to Wawa and withdraw money from the ATM.

He then -- he got $150 . . . .

Notes of testimony, 7/8/15 at 5-7.[2]

The sentencing court provided the following procedural history:

---

[2] The Commonwealth read the above facts into the record during the guilty plea proceedings. After the facts had been read into the record, the sentencing court asked appellant if that was "what [he] did." Appellant answered in the affirmative. (*Id.* at 6-7.)

On July 8, 2015, [appellant] came before this Court to enter a plea of guilty to Robbery in Case No. 116/2015 and Case No. 129/2015. On the same date, [appellant] entered a guilty plea to Possession of a Small Amount of Marijuana in Case No. 591/2015. The terms of the plea agreement included the Commonwealth agreeing not to pursue the other counts of the information and to run all cases concurrently. In all other respects, the plea was open. Then, on August 18, 2015, this Court sentenced [appellant] to a term of imprisonment of not less [than] ten (10) years nor more than twenty (20) years on both the aforementioned Robbery charges. This Court imposed a fine of $500.00 on the charge of Possession of a Small Amount of Marijuana. In compliance with the plea agreement, the sentences were ordered to run concurrently to each other. On August 28, 2015, [appellant] filed Post Sentence Motions pursuant to [Pa.R.Crim.P. 720.] Subsequently, on September 1, 2015, this Court denied [appellant's] requested relief. [This] appeal followed on September 29, 2015.

On September 30, 2015, this Court instructed [appellant] to file of record and serve upon this Court a concise statement of errors complained of on appeal no later than October 21, 2015, in accordance with [Pa.R.A.P. 1925(b). Appellant] timely complied with said Order.

Trial court opinion, 10/26/15 at 1-2 (citations omitted). The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a), in which it incorporated its opinion of September 1, 2015, which accompanied the trial court's order denying appellant's post sentence motions.

Appellant raises the following issue on appeal:

Whether the Lower Court abused its discretion in imposing a manifestly excessive and unreasonable sentence which is at the statutory maximum limit

- 3 -

and imposed when the Court failed to consider any significant mitigating factors, failed to apply and review all the necessary factors as set forth in 42 Pa.C.S.A. § 9721(b) and 42 Pa.C.S.A. § 9781(c) and (d) or otherwise failed to set forth appropriate reasons for its deviation from the standard sentencing ranges?

Appellant's brief at 7.

[T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Commonwealth v. Moury*, 992 A.2d 162, 169-170 (Pa.Super. 2010)

(citation omitted).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Moury**, 992 A.2d at 170 (citation omitted).

Here, we begin our analysis by determining whether appellant has complied with the procedural requirements of challenging his sentence. First, appellant timely filed his notice of appeal pursuant to Pa.R.A.P. 902 and 903. Second, he properly preserved the issue in a motion to modify sentence which was filed on August 28, 2015. The sentencing court denied appellant's motion on September 1, 2015.

Third, appellant included a Rule 2119(f) statement in his brief, in which he avers that the sentence he received for first-degree robbery was "significantly more than the aggravated range of the Sentencing Guidelines." (**See** appellant's brief at 11.) Specifically, appellant alleges that he was sentenced to the statutory maximum, and that the sentencing court failed to adequately support its deviation from the sentencing guidelines. (**Id. see also** 42 Pa.C.S.A. § 9781(c)(3).) The sentencing court's statutory maximum sentence of 10-20 years' imprisonment is in excess of the guidelines, which

call for an aggravated range of 114 months' imprisonment. (Appellant's brief at 14; Commonwealth's brief at 10.) Finally, in light of appellant's Rule 2119(f) statement, we find that appellant has advanced a substantial question. *See* 42 Pa.C.S.A. § 9781(c)(3). Accordingly, we shall review appellant's claim on its merits.

> "In every case where the court imposes a sentence outside the sentencing guidelines . . . the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Failure to comply shall be grounds for vacating the sentence and resentencing the defendant." ***Commonwealth v. Rodda***, 723 A.2d 212, 215 (Pa.Super. 1999); 42 Pa.C.S. § 9721(b).

***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa.Super. 2015).

When sentencing appellant, the sentencing court made the following notation for the record:

> This sentence is a maximum sentence as a result of the following factors:
>
> [Appellant's] criminal conduct amounted to an actual kidnapping.
>
> There are multiple robberies.
>
> [Appellant] expresses no remorse and admits to continuing his gang affiliation.[3]
>
> [Appellant] is a danger to the community.

---

[3] The sentencing court noted for the record that the pre-sentence report indicated that, "[appellant] adamantly admitted his affiliation and involvement with the Bloods Gang. He talked about how he got [initiated into the gang]. When asked if he ever plans on giving up the gang life-style, [appellant] replied, 'I don't know, but I do what I want.'" (Notes of testimony, 8/18/15 at 4.)

Notes of testimony, 8/18/15 at 7.

The court acknowledged receiving the pre-sentence report in this case and indicated that it reviewed the report and its attachments. (***Id.*** at 2.) The sentencing court sentenced appellant to the statutory maximum only after it reviewed the presentence report, considered counsel's argument, and permitted appellant to address the court. We find the above factors listed by the sentencing court to be sufficient justification for the sentencing court to deviate from the sentencing guidelines in this case. Accordingly, the sentencing court did not abuse its discretion when it sentenced appellant to the statutory maximum.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2016