J. S15045/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RICARDO DONTE GRIFFIN, | : | No. 1478 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, April 13, 2016,
in the Court of Common Pleas of Montgomery County
Criminal Division at No. CP-46-CR-0000784-2015

BEFORE:  BOWES, J., DUBOW, J. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 15, 2017**

Ricardo Donte Griffin appeals the judgment of sentence in which the Court of Common Pleas of Bucks County, following an open guilty plea, sentenced him to serve a term of 11½ to 23 months' imprisonment for third-degree felony retail theft[1] followed by 2 years' probation.  Appellant was also ordered to pay restitution of $4,300.  We affirm.

At appellant's plea hearing, Richard H. Bradbury, Esq., Assistant District Attorney for the Commonwealth, provided the factual basis for the charge of retail theft:

> The facts that support the plea, Your Honor, are that between December 16th of 2014 and January 15 of 2015, [appellant] was employed at T.J. Maxx, a store located in Abington, Montgomery County.  As a cashier, he was responsible for ringing transactions.

---

[1] 18 Pa.C.S.A. § 3929(a)(4).

> He under-rang several transactions to the tune of $4,300.

Notes of testimony, 4/29/15 at 6. The Commonwealth did not prosecute appellant on charges of theft by deception-false impression, retail theft, unlawful use of a computer, and three counts of criminal conspiracy related to these other charges.[2]

At the sentencing hearing on April 13, 2016, the trial court denied appellant's request for work release. On April 21, 2016, appellant moved for reconsideration of his sentence and requested work release so that he could support his two children and help provide financial support for his 90-year-old grandfather. By order dated May 9, 2016, the trial court denied appellant's motion.

Appellant raises the following issue for this court's review: "Whether the trial court erred in denying appellant's challenge to the discretionary aspects of sentencing in failing to make him eligible to participate in the work release program[?]" (Appellant's brief at 7 (capitalization omitted).)

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be

---

[2] 18 Pa.C.S.A. §§ 3922(a)(1), 3929(a)(1), 7611(a)(1), and 903(c), respectively.

found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

***Commonwealth v. Moury***, 992 A.2d 162, 169-170 (Pa.Super. 2010)

(citation omitted).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted).

Here, we begin our analysis by determining whether appellant has complied with the procedural requirements of challenging the discretionary

aspects of his sentence. First, appellant timely filed his notice of appeal pursuant to Pa.R.A.P. 902 and 903. Second, a review of the record reveals that appellant raised, at both his sentencing hearing and in his motion for reconsideration, the issue of whether he could participate in a work release program. Third, appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence in conformance with Pa.R.A.P. 2119(f). Accordingly, we must determine whether appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa.Super. 2012), *appeal denied*, 63 A.3d 774 (Pa. 2013) (citation omitted).

Appellant argues that he raises a substantial question in that the trial court declined to give reasons for denying his request for work release. This court has previously held that a trial court's failure to state adequate reasons on the record for the sentence presents a substantial question for

this court's review. ***Commonwealth v. Booze***, 953 A.2d 1263, 1268 (Pa.Super. 2008).

Turning to the merits of appellant's claim that the trial court did not state its reasons for the denial of the request for work release, this court does not agree with appellant's characterization of the trial court's decision. The record belies appellant's claim that the trial court failed to state its reasons for denying appellant work release. When appellant requested work release, the trial court responded:

> Not a chance. You don't deserve it in my mind. That you don't deserve.
>
> . . . . [B]y the way, I have to say one other thing. Do you who know who else you are impacting upon? This is what happens -- why the price of everything goes up. Because in the scheme of things, you look at an under-ringing crime and a lot of people go, well, what is the big deal, so he stole the stuff, he is going to pay it back. Yeah, right. But you got restitution you got to pay. And I am going to make sure that you pay it. That is going to be one of the conditions in this courtroom. But everybody kind of says, well, in the scheme of things, what is a little stealing.
>
> You got your kids to worry about, you got your grandfather, who was very honest and straightforward in here today. But you are hurting society. You can't keep coming back, coming back, coming back, and skating. It is not happening. The buck stops here.
>
> All right. Sir, based upon your present case, I have considered your age, the information that you have given me. And there is no dispute except for the sentencing guidelines there. And there has been a stipulation to what they really are. The facts as to

> your personal background and circumstances, they are not in dispute. You have admitted your offense. You have pled guilty.
>
> And after considering these factors, **there is an undue risk that during the period of probation or partial confinement you will commit another crime. You are in need of correctional treatment, as I have stated. You have got to go to -- have commitment to an institution for that. A lesser sentence would depreciate the seriousness of your crime. I, therefore, find that a sentence to total confinement is proper**.

Notes of testimony, 4/13/16 at 21-22 (emphasis added).

The trial court clearly and emphatically explained why it denied appellant's request for work release. The trial court listed in detail its reasons why a sentence of total confinement was proper. Appellant's contention has no merit.

Appellant also contends that he has raised a substantial question regarding the trial court's decision to impose a sentence without adequately considering rehabilitation and mitigating circumstances. Here, the trial court imposed a standard range sentence after hearing testimony at the sentencing hearing, reviewing the record, and reviewing the pre-sentence investigation report. "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Moury*, 992 A.2d at 171. Therefore, appellant does not raise a substantial question with respect to whether the trial court

adequately considered mitigating factors when it imposed a standard range sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2017