J. S36044/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| EDDY PINERO, | : | No. 3676 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, September 8, 2016,
in the Court of Common Pleas of Monroe County
Criminal Division at No. CP-45-CR-0000256-2016

BEFORE:  PANELLA, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 27, 2017**

Eddy Pinero appeals from the September 8, 2016 judgment of sentence entered in the Court of Common Pleas of Monroe County after a jury convicted him of simple assault.[1]  The trial court imposed a sentence of 12 to 24 months of imprisonment.  We affirm.

The record reflects that appellant's conviction stemmed from an incident that occurred on January 1, 2016.  On that date, appellant; the victim, who is the mother of appellant's five children; a woman with whom appellant was also romantically involved; and the victim's friend went to a motel room.  While the four "partied" in the motel room, appellant told the victim that he wanted her to engage in a "threesome" with appellant and

---

[1] 18 Pa.C.S.A. § 2701(a)(1).

his other romantic interest. The victim refused. At this point, appellant "started growling like a dog like he always does" and punched the victim in her left eye, causing her to lose consciousness and fall to the floor. As a result of the blow inflicted by appellant, the victim sustained a fracture of her left orbital bone. (Notes of testimony, 4/26/16 at 6-7, 9-10.)

The trial court set forth the following procedural history:

> After failing to appear at his scheduled sentencing hearing on September 1, 2016, a bench warrant was issued for [appellant]. Following execution of the bench warrant on September 8, 2016, [appellant] was sentenced to twelve (12) months to twenty-four (24) months in a State Correctional Institution with a time credit of twenty (20) days. On September 19, 2016, [appellant] filed a Motion for Modification of Sentence which we denied following a hearing on October 25, 2016. On November 28, 2016, [appellant] filed a Notice of Appeal to the Pennsylvania Superior Court. We issued an order pursuant to Pa.R.A.P. 1925(b) requesting a Concise Statement of Errors Complained of on Appeal and [appellant] filed his concise statement within the twenty-one (21) day period.

Trial court opinion, 1/10/17 at 1-2.

Appellant raises the following issue for our review:

> Whether the [t]rial [c]ourt erred and abused its discretion by sentencing [appellant] to the statutory maximum penalty and high end of the standard range sentencing guideline by failing to appropriately consider the particular circumstances of the offense, thereby creating an excessive and unnecessarily punitive sentence beyond that appropriate under the circumstances[?]

Appellant's brief at 4.

Appellant challenges the discretionary aspects of his sentence.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Commonwealth v. Moury*, 992 A.2d 162, 169-170 (Pa.Super. 2010)

(citation omitted; brackets in original).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has

> a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation omitted; brackets in original).

Here, appellant filed a timely notice of appeal. Although appellant filed a timely motion for modification of sentence, he sought reconsideration based on his contentions that the trial court "sentenced [appellant] on incorrect sentencing guidelines as a result of an incorrect prior record score" and because the trial court "sentenced [appellant] while taking into account inaccurate information regarding the non-presence of the victim." (Appellant's motion for modification of sentence, 9/19/16 at 2, ¶ 7.) In reviewing appellant's statement of questions involved, appellant complains that his sentence was excessive. Indeed, within the argument section of his brief, appellant complains that his sentence was excessive for a variety of reasons, including his contention that the victim is violent and appellant could have been justified in fracturing her left orbital bone; the victim's injury "was not severe" and only "appeared more severe than it was because the victim sneezed following the injury"; and because the victim can "see fine out of the eye." (Appellant's brief at 8-9.) Appellant did not properly preserve a challenge to the excessiveness of his sentence in his motion for modification of sentence. Appellant, therefore, has failed to invoke this court's jurisdiction.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2017