J. S36043/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
TYREEK S. HALL, : No. 3670 EDA 2015
:
Appellant :

Appeal from the Judgment of Sentence, June 26, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0013587-2013

BEFORE:  PANELLA, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED AUGUST 15, 2017**

Tyreek S. Hall appeals the judgment of sentence in which the trial court sentenced him to serve a term of 20 to 40 years' imprisonment for third-degree murder and a consecutive sentence of 2½ to 5 years' imprisonment for possession of an instrument of crime ("PIC").[1]  After careful review, we affirm.

Appellant's convictions stem from a shooting incident.  The record reflects that Josiah McClarence and Daimeen Walker ("Walker") engaged in a brief fistfight with Nkingi Jones ("Jones") and Gianni Bain ("Bain").  Walker told his uncle about the incident.  Walker's uncle advised Walker to contact appellant.  Appellant asked Walker to identify the individuals involved in the

---

[1] 18 Pa.C.S.A. §§ 2502(c) and 907(a), respectively.

fight. Appellant and Robert Anderson[2] approached Jones and Bain who were playing basketball with two other individuals in a driveway. Appellant pulled out a gun from his waistband and fired seven shots into the group of young men who scattered in different directions to escape the gunfire. Tremaine Rogers, 17 years old and one of the young men playing basketball, was shot and killed. (*See* trial court opinion, 6/7/16 at 2-4.)

Following a jury trial, appellant was convicted of the two crimes. On June 26, 2015, the trial court imposed the sentences set forth above.

On July 2, 2015, appellant filed a post-sentence motion and asked the trial court to reconsider his sentences because the imposition of the statutory maximum for both crimes was excessive and he had never been adjudicated delinquent or convicted of a crime before. Also, with respect to the PIC conviction, appellant asserted that the trial court did not place on the record the reasons for the maximum sentence. Additionally, he asked the trial court to reconsider the imposition of consecutive sentences. By order dated November 5, 2015, the trial court denied the motion by operation of law pursuant to Pa.R.Crim.P. 720(B)(3). Appellant filed a notice of appeal on December 4, 2015 and, on December 9, 2015, was ordered to file a statement of matters complained of on appeal. Appellant complied with the request on December 29, 2015.

---

[2] Anderson was convicted of third-degree murder and was sentenced to 20 to 40 years of imprisonment. He was tried and sentenced with appellant. Anderson has appealed to this court.

Before this court on appeal, appellant contends that the trial court abused its discretion when it imposed the maximum sentence on both charges and ordered them to be served consecutively, when appellant had no prior record. Appellant challenges the discretionary aspects of his sentences.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

***Commonwealth v. Moury***, 992 A.2d 162, 169-170 (Pa.Super. 2010) (citation omitted).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation omitted).

Here, appellant timely filed his notice of appeal pursuant to Pa.R.A.P. 902 and 903 and properly preserved his sentencing challenge in a timely post-sentence motion.

"A failure to include the Rule 2119(f) statement does not automatically waive an appellant's argument; however, we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement." *Commonwealth v. Love*, 896 A.2d 1276, 1287 (Pa.Super. 2006), *appeal denied*, 940 A.2d 363 (Pa. 2007). Appellant has failed to include a Rule 2119(f) statement in his brief, and the Commonwealth has objected to this omission. Accordingly, appellant waives the challenges to the discretionary aspects of his sentencing.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2017