J. S63041/17

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                               :           PENNSYLVANIA
                  v.                      :
                                                 :
CHRISTOPHER GLEN GREER,       :        No. 606 WDA 2017
                                                 :
            Appellant         :

Appeal from the Judgment of Sentence, March 22, 2017,
in the Court of Common Pleas of Fayette County
Criminal Division at No. CP-26-CR-0001322-2016

BEFORE: BOWES, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        FILED OCTOBER 25, 2017

      Christopher Glen Greer appeals from the March 22, 2017 judgment of sentence entered in the Court of Common Pleas of Fayette County after a jury convicted him of aggravated assault by vehicle, aggravated assault, criminal mischief, simple assault, recklessly endangering another person, and fleeing or attempting to elude an officer.[1] Appellant was also convicted by the trial court of four summary offenses, including driving while operating privilege is suspended or revoked.[2] The trial court sentenced appellant to 30 days to 6 months of imprisonment on the driving while operating

---

[1] 75 Pa.C.S.A. § 3732.1(a), 18 Pa.C.S.A. § 2702(a)(2), 18 Pa.C.S.A. § 3304(a)(5), 18 Pa.C.S.A. § 2701(a)(1), 18 Pa.C.S.A. § 2705, and 75 Pa.C.S.A. § 3733(a), respectively.

[2] 75 Pa.C.S.A. § 1543(a).

privilege is suspended or revoked conviction and imposed a consecutive sentence of 6 to 20 years of imprisonment on the aggravated assault conviction. The trial court imposed no further penalty on the remaining convictions. We affirm.

The trial court set forth the following factual history:

> On April 21, 2016, Corporal Delbert DeWitt of the Uniontown City Police Department (UPD) was on patrol in the early morning hours in Uniontown, Fayette County, Pennsylvania. During his patrol, Corporal DeWitt observed a dark colored Chevrolet pick-up truck on Berkeley Street cross the double yellow line and swerve back into the lane of travel on multiple occasions.[Footnote 3] Corporal DeWitt activated the cruiser's overhead lights with the intent to effectuate a traffic stop. The operator of the truck, later identified as Appellant, slowed down and turned on the right turn signal. Nevertheless, when Corporal DeWitt turned on the cruiser's siren, Appellant turned the signal off and accelerated southbound on Derrick Avenue.

> > [Footnote 3] He called the registration on the vehicle into the Fayette County 9-1-1 Center to obtain the vehicle's information. The 9-1-1 Center responded that the information provided to them was registered to a Subaru not a Chevrolet.

> Corporal DeWitt followed Appellant and called out over the radio that he was in pursuit of a truck occupied by one person who failed to yield to him. Appellant slowed down as he approached the Uniontown Country Club, made an abrupt left turn over the double yellow lines and drove onto the country club's golf course. With the assistance of Officer Kurt Defoor and Tyler Garlick, an intern with the UPD, Corporal DeWitt proceeded very slowly to Cinder Road, the suspected area of Appellant's

location.      As   Corporal   DeWitt   continued   on Cinder Road, he looked to his right and saw the truck accelerate   towards   him.      Appellant   struck   Corporal DeWitt's   vehicle   in   the   front   passenger   area. Trooper Todd Stevenson, a collision analyst and reconstruction specialist with the Pennsylvania State Police, testified in his expert opinion that there was no evasive steering or braking to avoid the collision.

Corporal DeWitt testified that he smashed his head off the long gun rack in the police cruiser after the impact forced him out of the driver's seat and up over the center console where he ended up in the passenger side with his lower body stretched on the driver's side of the vehicle.   Corporal DeWitt exited his police cruiser and approached the truck with his firearm drawn.   He opened the driver's side door of the truck and observed Appellant lying across the bench seat with his head towards the passenger side of   the   truck.[Footnote   4]     Corporal   DeWitt   pulled Appellant out of the truck and Mr. Garlick handcuffed him.

> [Footnote 4]   Evidence was presented at
> trial that Appellant has a prosthetic leg
> and that a black walking cane was taped
> to the clutch of the truck.

After   Appellant   was   handcuffed,   Corporal DeWitt testified that he fell to the ground due to an extreme   amount   of   pain.      He   radioed   for   two ambulances, one for Appellant and one for himself. As   a   result   of   the   crash,   Corporal   DeWitt   was diagnosed with a closed head injury and a whiplash injury   of   the   neck   and   received   chiropractic treatment for muscle soreness.

Appellant testified that he purchased the truck prior to April 21, 2016 from Derrick Hudock.   He testified that around 11:45 p.m. on April 20, 2016, he was waiting in a private driveway on Cinder Road for the truck to be delivered to him by a friend, Michael   Metts.[Footnote   5]     Once   the   truck   was delivered, he taped his cane to the clutch and began

to drive the truck out of the private driveway. Appellant testified that he did hit the police cruiser but only because the cruiser's headlights were not on and when he saw the cruiser it was too late to avoid impact. He testified that he was not involved in the police pursuit.

> [Footnote 5] The Commonwealth called Michael Metts on rebuttal. He testified that he knew Appellant and that he did not drive the truck on April 21, 2016 because he was incarcerated at SCI-Fayette from April 4, 2016 to December 28, 2016.

Trial court opinion, 5/4/17 at 2-4.

The record reflects that following his convictions, the trial court imposed judgment of sentence on March 22, 2017. On April 6, 2017, appellant then filed an untimely post-sentence motion for modification of sentence. The trial court denied the untimely motion on April 11, 2017. On April 20, 2017, appellant filed a notice of appeal to this court and simultaneously filed what he termed a "Concise Issue." (Appellant's "concise issue," 4/20/17; docket # 33.) The trial court filed an opinion on May 4, 2017.

Appellant raises the following issues for our review:

> [1.] Was the evidence insufficient to sustain conviction based upon the testimony and evidence presented at trial by the Commonwealth evidence [sic] was insufficient to show that [appellant] committed the crimes beyond a reasonable [sic][?]
>
> [2.] Was the sentence excessive[?]

- 4 -

Appellant's brief at 8 (capitalization omitted).

Appellant first challenges the sufficiency of the evidence to sustain his convictions. It is well settled that when challenging the sufficiency of the evidence on appeal, that in order to preserve that issue for appeal, an appellant's Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient. Commonwealth v. Gibbs, 981 A.2d 274, 281 (Pa.Super. 2009), appeal denied, 3 A.3d 670 (Pa. 2010) (citation and internal quotation marks omitted).

Here, we will give appellant the benefit of the doubt that his "concise issue" constitutes a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In that statement, appellant frames his sufficiency challenge as follows:

> Was the evidence insufficient to sustain conviction based upon the testimony and evidence presented at trial by the Commonwealth and evidence was insufficient to show that [appellant] committed the crimes beyond a reasonable doubt[?]

Appellant's "concise issue," 4/20/17 (capitalization omitted).

The trial court deemed this issue waived because appellant's "concise issue" failed to specify the element or elements of the offense or offenses that appellant contends lack evidentiary support. (Trial court opinion, 5/4/17 at 4-5.) As this court has stated, "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements

upon which the appellant alleges that the evidence was insufficient." Commonwealth v. Garland, 63 A.3d 339, 344 (Pa.Super. 2013), citing Gibbs, 981 A.2d at 281. "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." Id. Therefore, because appellant was convicted of ten separate charges and claims that the evidence was insufficient to sustain his convictions, but fails to specify which element or elements of which charge or charges he challenges, appellant waives his sufficiency claim on appeal.

Moreover, we are compelled to note that the argument on appellant's sufficiency challenge in his counseled brief falls far short of a meaningful legal argument capable of appellate review. For example, appellant argues that:

> [his] conviction was based on mere speculation and not on the fact that the Commonwealth proved his guilt beyond a reasonable doubt. It is Appellant's contention that the verdicts were against the evidence since the testimony concerning the crimes charged could not incriminate Appellant. The Commonwealth failed to meet its burden of proof beyond a reasonable doubt as to the charges.

Appellant's brief at 21-22. Therefore, even if appellant did not waive his sufficiency claim for failure to preserve it in his "concise issue" because he did not state with specificity the element or elements of the crime or crimes he challenges, he would waive his sufficiency claim for failure to develop a meaningful legal argument on the issue. See Commonwealth v. Johnson,

985 A.2d 915, 924 (Pa. 2009) (citations omitted) (reiterating that where an appellate brief fails, among other things, to develop the issue in any meaningful fashion capable of review, a defendant waives that claim).

Appellant next challenges the discretionary aspects of his sentence.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

Commonwealth v. Moury, 992 A.2d 162, 169-170 (Pa.Super. 2010) (citation omitted; brackets in original).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. Commonwealth v. Sierra, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has

> filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Moury, 992 A.2d at 170 (citation omitted; brackets in original).

Here, although appellant filed a timely notice of appeal, he failed to properly preserve his sentencing challenge because he did not challenge his sentence at sentencing, and he failed to file a timely motion to reconsider and modify sentence within 10 days of imposition of sentence. See Pa.R.Crim.P. 720(A)(1) (requiring that "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence"). The trial court imposed sentence on March 22, 2017, and appellant filed his post-sentence motion for modification of sentence on April 6, 2017, which was 15 days

following imposition of sentence.  Therefore, appellant has failed to invoke

our jurisdiction.[3]

Judgment of sentence affirmed.

---

[3] We also note that appellant failed to include in his brief a Rule 2119(f) statement.

Finally, we note that even if appellant invoked our jurisdiction, it is obvious that appellant would have failed to raise a substantial question concerning the appropriateness of his sentence as demonstrated by the four-sentence argument he advanced in his brief, as follows:

> In the instant case, the trial court abused its discretion and erred in sentencing Appellant to such a lengthy period of incarceration.  Upon review of Appellant's prior record and the testimony adduced at trial, the full sentence would be excessive.  In addition, Appellant was sentenced was [sic] excessive.  As such, the Appellant contends his sentence was unreasonable; and, therefore, requests this Honorable Court order Appellant's sentence vacated and remanded.

Appellant's brief at 25-26.  That argument entirely fails to demonstrate how the sentence is inconsistent with a specific provision of the sentencing code or in what way it is contrary to the fundamental norms that underlie appellant's sentencing process.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:   10/25/2017