J. S04040/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                            :              PENNSYLVANIA
                     Appellant     :
                                            :
                    v.              :             No. 1222 MDA 2017
                                            :
TIMOTHY SCOTT SMITH          :

Appeal from the Judgment of Sentence, April 24, 2017,
in the Court of Common Pleas of Berks County
Criminal Division at No. CP-06-CR-0005596-2013

BEFORE:  SHOGAN, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED APRIL 12, 2018**

The Commonwealth of Pennsylvania appeals from the April 24, 2017 judgment of sentence entered in the Court of Common Pleas of Berks County after a jury convicted appellee, Timothy Scott Smith, of one count of indecent assault.[1]  The trial court imposed a sentence of guilt without further penalty.  We affirm.

The trial court set forth the following factual history:

> On September 20, 2009, [J.K.], then twenty-one years old, was invited by his father and step mother [sic] to join them at the home of [appellee], who was forty-nine years old at the time. [J.K.] arrived around ten o'clock in the evening. They drank in the finished basement, which had a

---

[1] 18 Pa.C.S.A. § 3126(a)(1).  We note that the record reflects that the jury was unable to reach a unanimous verdict on one count of aggravated indecent assault in violation of 18 Pa.C.S.A. § 3125(a)(1).  (Notes of testimony, 12/15/16 at 377.)

bar, pool table, bathroom, and a bed or cot. [J.K.] testified he drank only two or three beers and had not been drinking earlier in the evening. Beyond this point, a clear, definite rendition of the facts is difficult because the evidence contained numerous inconsistencies. Around midnight, [J.K.]'s father and step-mother [sic] left, while [J.K.] stayed at [appellee's] house. He testified that his father and step-mother [sic] had left and even that they told him he should stay there. His step-mother [sic], however, testified that she asked if he wanted to come home with her but he wanted to stay. [J.K.] also testified that he stayed because he never drives if he has had even one drink, but on cross-examination admitted to having a D.U.I.

[J.K.] dozed off on the extra bed in the basement for ten minutes and then felt [appellee] rubbing and groping him. Cross-examination elicited that his testimony on direct at trial differed from previous written statements as to what happened at that point. [J.K.] testified that [appellee] touched his penis and inserted fingers into his anus; his written statement a few hours after the incident says [appellee] touched his private areas and butt cheeks, and makes no mention of fingers penetrating his anus. [Other portions of J.K.'s trial testimony were inconsistent with his prior statements.]

Trial court opinion, 10/3/17 at 1-2.

As stated, following appellee's conviction of indecent assault, the trial court imposed a sentence of guilt without further penalty on April 24, 2017. The record reflects that on April 26, 2017, the Commonwealth filed a timely motion for reconsideration of sentence. On May 3, 2017, appellee filed a motion for post-sentence relief in the form of a vacated sentence, arrest of judgment, and/or a new trial on the indecent assault conviction. On July 6, 2017, the trial court denied both motions. The Commonwealth filed a timely

notice of appeal on August 7, 2017.[2]  On August 15, 2017, the trial court ordered the Commonwealth to file a concise statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b).  The Commonwealth timely complied.  Subsequently, the trial court filed its Rule 1925(a) opinion.

The Commonwealth raises the following issue for our review:

> Whether the [trial] court abused its discretion by imposing a sentence of no penalty after [appellee] indecently assaulted the victim, especially where [appellee] refused to accept responsibility for his crime and trial testimony established he previously committed a similar bad act?

Commonwealth's brief at 4.

The Commonwealth challenges the discretionary aspects of appellee's sentence.[3]

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.  In more expansive terms, our Court recently offered:  An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result

---

[2] Where, as here, a "defendant has filed a post-sentence motion, the Commonwealth's notice of appeal shall be filed within 30 days of the entry of the orders disposing of the Commonwealth's and the defendant's motions." Pa.R.Crim.P. 721(B)(2)(b)(i).

[3] The Sentencing Code permits a criminal defendant or the Commonwealth to file a petition for allowance of appeal of the discretionary aspects of sentence to this court.  42 Pa.C.S.A. § 9781(b).

of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

***Commonwealth v. Moury***, 992 A.2d 162, 169-170 (Pa.Super. 2010)

(citation omitted; brackets in original).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of [a] sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted; brackets in original).

Here, the Commonwealth filed a timely notice of appeal and properly preserved its sentencing challenge by filing a timely motion to reconsider sentence within 10 days of imposition of sentence. ***See***

Pa.R.Crim.P. 721(B)(1) (requiring that "a motion for modification of sentence[4] shall be filed no later than 10 days after imposition of sentence"). The Commonwealth also included the requisite Rule 2119(f) statement within its brief. We must, therefore, determine whether the Commonwealth raises a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003) (citation omitted). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either:  (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra*, 752 A.2d at 912-13. The Commonwealth presents a substantial question when it contends that a sentence is excessively lenient and unreasonably deviates from the sentencing guideline range.  *Commonwealth v. Celestin*, 825 A.2d 670, 676 (Pa.Super. 2003) (citation omitted).

Here, the Commonwealth fails to raise a substantial question for our review.  Although the Commonwealth contends that the sentence was excessively lenient, there was no deviation from the sentencing guidelines

---

[4] We note that the Commonwealth titled its motion as a "motion to reconsider sentence," but it requested that the trial court modify the sentence and "impose an appropriate sentence of incarceration, or of some period of probation . . . ." (Commonwealth's motion to reconsider sentence, 4/26/17 at 6.)

range. Indeed, the standard guidelines range was restorative sanctions to three months' incarceration. Restorative sanctions "suggests use of the least restrictive, non-confinement sentencing alternatives" and includes a determination of guilt without further penalty pursuant to 42 Pa.C.S.A. § 9753. *See* 204 Pa.Code 303.16(a). Therefore, because the sentence imposed was within the sentencing guidelines range, we must vacate only if the case "involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2).

The record reflects that the trial court reviewed appellee's pre-sentence investigation ("PSI") report. (Notes of testimony, 4/24/17 at 9.) "Where the sentencing judge had the benefit of a [PSI], it will be presumed that [the sentencing court] was aware of relevant information regarding [defendant's] character and weighed those considerations along with the mitigating statutory factors." *Commonwealth v. Fullin*, 892 A.2d 843, 849-850 (Pa.Super. 2006), quoting *Commonwealth v. L.N.*, 787 A.2d 1064 (Pa.Super. 2001). *See also Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) ("It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand"). Therefore, the combination of a standard range sentence and a PSI defeats the Commonwealth's claim. *See Moury*, 992 A.2d at 171 (sentence not unreasonable where trial court had the benefit of a PSI and imposed a standard range sentence).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2018