J-S34009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| IKEEM KAIB TWYMAN | |
| Appellant | No. 924 EDA 2016 |

Appeal from the Judgment of Sentence January 29, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013358-2014

BEFORE: BOWES, SOLANO, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 31, 2017**

Ikeem Kaib Twyman appeals from his January 29, 2016 judgment of sentence of four to eight years of incarceration followed by five years of probation, which was imposed after he was convicted of three violations of the Uniform Firearms Act. After thorough review, we affirm.

The record reveals the following. At approximately 8:00 p.m. on October 27, 2014, Carlos Masip was robbed of his cell phone and cash by two assailants. Mr. Masip reported the crime and provided a statement. Later that night, he telephoned 911 to report that he had succeeded in tracking his stolen phone using an application on his mother's cell phone. Consequently, in the early morning hours of October 28, 2014, Philadelphia

---

* Retired Senior Judge specially assigned to the Superior Court.

Police Officers Michael James and Edward Taylor were directed to proceed to Mr. Masip's residence on Venango Avenue.

Mr. Masip entered the unmarked police vehicle, explained to the officers what had occurred earlier, and utilized the tracking information on his mother's phone to direct the officers to the corner of Rorer and Hilton. The officers parked their car at that location. Within five to ten minutes, Appellant walked up to the corner. Mr. Masip identified him as one of the men who robbed him earlier.

Officer Taylor stepped out of the unmarked police vehicle, identified himself as a police officer, and directed Appellant to show his hands and get on the ground. Appellant pulled a handgun from his waistband and started running westbound on Hilton. Officer Taylor pursued him on foot while Officer James followed alongside in the police vehicle. As Officer Taylor was chasing Appellant, he saw Appellant making a throwing motion towards property with some trash cans in front of it. Eventually Officer James tackled Appellant and, with Officer Taylor's assistance, handcuffed him. Officer Taylor directed back up officers to go and secure the trash cans in the area where he had seen Appellant discard something. Officer James retrieved a black firearm from a garbage can.

Appellant moved to suppress the firearm. Following a hearing, the trial court credited the officers' account of the events and denied the motion. It determined that the victim's statement to police, his identification of

Appellant as one of his assailants earlier in the evening, together with the officers' observation of Appellant with a firearm on a public street in Philadelphia, provided reasonable suspicion for police to stop Appellant.

After the court conducted a thorough colloquy of his right to jury trial, Appellant elected to proceed to a waiver trial. The Commonwealth incorporated the non-hearsay suppression hearing testimony into the trial record without objection. In addition, the defense stipulated to the admission of the ballistics report identifying the weapon retrieved from the garbage can as a black Glock semi-automatic .40 caliber firearm. The defense also stipulated that Appellant did not possess a license to carry a firearm, and that he was prohibited from possession of a firearm due to a prior conviction.

The trial court, sitting as factfinder, found Appellant guilty of possession of a firearm by a prohibited person, possession of a firearm without a license, and carrying a firearm on the public streets of Philadelphia. On January 29, 2016, after consideration of a pre-sentence report, the court sentenced Appellant to four to eight years of incarceration followed by five years probation. Appellant filed a post-sentence motion seeking reconsideration of his sentence, which was denied without a hearing on February 22, 2016. Appellant appealed to this Court and complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court addressed those issues in its Rule

1925(a) opinion, and the matter is ripe for our review. Appellant presents

four issues for our consideration:

> A. Was the verdict against the weight of the evidence where the inconsistent and materially contradicting testimony of the police officers tended to show that Appellant may have discarded a mere object and the firearm in the trashcan came from an unknown origin?
>
> B. Was the evidence insufficient to support the verdict where no fingerprints or D.N.A. was recovered from the firearm to establish that Appellant actually possessed the firearm, and the inconsistent and contradicting testimony of the police officers leaves reasonable doubt as to who actually possessed or even recovered the firearm?
>
> C. Did not the trial court err in denying Appellant's motion to suppress the firearm whether there was no reasonable suspicion or probable cause to approach, chase and otherwise force Appellant to abandon any alleged contraband?
>
> D. Was not the sentence excessive where the trial court failed to properly weigh the Appellant's remorse; Appellant's extensive family support in the area; the sentence's impact on the Appellant's son, whom the Appellant emotionally and financially supported; and the Appellant's steady work history and the availability of employment for the Appellant upon release?

Appellant's brief at 7 (unnecessary capitalization deleted).

Appellant's first issue is a challenge to the weight of the evidence. Our

standard and scope of review is well settled.

> [W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (citations omitted). Hence, a trial court's denial of a weight claim "is the least assailable of its rulings." *Commonwealth v. Diggs*, 949 A.2d 873, 880 (Pa. 2008). Conflicts in the evidence and contradictions in the testimony of any witnesses are for the fact finder to resolve. *Commonwealth v. Tharp*, 830 A.2d 519, 528 (Pa .2003).

In addition, a weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607; *Commonwealth v. Priest*, 18 A.3d 1235, 1239 (Pa.Super. 2011). Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion. *Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009).

Appellant failed to preserve his challenge to the weight of the evidence in a motion prior to sentencing, orally at sentencing, or in a post-sentence motion.[1] Thus, the issue is waived. Pa.R.Crim.P. 607. Even if the weight challenge was not waived, it would not afford relief. Despite minor inconsistences in the officers' account of the recovery of the firearm from the trash can, the fact finder expressly credited the officers' testimony that they

---

[1] Appellant's post-sentence motion was styled "Petitioner's Motion for Reconsideration of Sentence Imposed."

saw Appellant remove a gun from his waistband, and that Officer Taylor saw

Appellant make a throwing motion in the location of that trash can.

Next, Appellant challenges the sufficiency of the evidence.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Vargas*, 108 A.3d 858, 867-868 (Pa.Super. 2014) (*en banc*) (quoting *Commonwealth v. Brown*, 23 A.3d 544, 559-560 (Pa.Super. 2011) (*en banc*) (citations omitted)).

Appellant's claim of insufficiency is based on the fact there were no fingerprints or DNA recovered from the firearm. He suggests that there was no reliable corroborative evidence to establish that Appellant possessed a firearm.

Appellant's claim is without merit. There is no requirement that possession be proven by DNA or fingerprint evidence. Officer Taylor's and Officer James' testimony that they saw Appellant remove a firearm from his waistband as he fled from police, which was credited by the trial court, was sufficient to prove beyond a reasonable doubt that he possessed a firearm. In addition, Officer Taylor testified that while he was in pursuit of Appellant, Appellant discarded some object in the area of trash cans on Hilton Avenue. Moments later, after Appellant was apprehended, police recovered a firearm from a trash can in that location. Such evidence of possession was sufficient to sustain the firearms convictions herein.

Appellant's third claim is that the trial court erred in denying suppression of the gun. He argues that the police lacked reasonable suspicion or probable cause to approach and chase him. He cites *Commonwealth v. Matos*, 672 A.2d 769 (Pa. 1996), in support of his contention that the discarded gun was the fruit of the illegal seizure.

In reviewing a challenge to the denial of a suppression motion, we are

> limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations

of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

***Commonwealth v. Perel***, 107 A.3d 185, 188 (Pa.Super. 2014) quoting

***Commonwealth v. Jones***, 988 A.2d 649, 654 (Pa. 2010) (citations

omitted).

There are three levels of interactions between police and citizens for

purposes of the Fourth Amendment.

The first of these is a "mere encounter" (or request for information) which need not be supported by any level of suspicion, but carries no official compulsion to stop or to respond. The second, an "investigative detention" must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally, an arrest or "custodial detention" must be supported by probable cause.

***Commonwealth v. Ellis***, 662 A.2d 1043, 1047 (Pa. 1995).

The trial court concluded that Mr. Masip's earlier report of a robbery to police, the fact that he provided a statement, the tracking of his stolen cell phone to a specific location, his subsequent identification of Appellant as one of his assailants, and the officers' observation of Appellant with a firearm, provided reasonable suspicion for the investigatory detention. We agree. Since the stop and subsequent arrest were proper, the abandonment of the firearm was not caused by illegal police activity. ***Commonwealth v Byrd***, 987 A.2d 786 (Pa.Super. 2001); ***Matos***, ***supra***.

Appellant's final issue is a challenge to the discretionary aspects of his sentence. As we observed in **Commonwealth v. McLaine**, 150 A.3d 70, 76 (Pa.Super. 2016) (citation omitted), "[a]n appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right." Instead, to invoke our jurisdiction involving a challenge to the discretionary aspects of a sentence, an appellant must satisfy the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id**.

Appellant has met the first three prerequisites, although he incorrectly included a Pa.R.A.P. 2119(f) statement in the summary of argument portion of his brief.[2] He claims that the trial court's failure to consider his rehabilitative needs, his substance abuse issues, his family support, the impact of the sentence on his son, and the availability of employment presents a substantial question that his sentence was not appropriate under the sentencing code. In essence, he faults the sentencing court for failing to

---

[2] We remind Appellant that a Pa.R.A.P. 2119(f) statement should be separately set forth within an appellate brief and that the failure to comply may result in waiver. **See Commonwealth v. Taylor**, 137 A.3d 611 (Pa.Super. 2016).

consider mitigating factors. The Commonwealth contends that Appellant has failed to present a substantial question.

"A substantial question exists 'only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.'" *Commonwealth v. Moury*, 992 A.2d 162 (Pa.Super. 2010) (quoting *Commonwealth v. Sierra*, 752 A.2d 910, 912-13 (Pa.Super. 2000)). We have held that a court's failure to consider mitigating factors presents a substantial question.[3] Thus, we will consider the merits of Appellant's discretionary sentencing claim.

In evaluating Appellant's claim, we are mindful that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Perry*, 32 A.3d 232, 236 (Pa. 2011). Since the present sentence was within the guideline range, we can reverse only if application of the guidelines was clearly unreasonable.

---

[3] We acknowledge that the Superior Court has issued conflicting decisions as to what constitutes a substantial question, including whether a substantial question is raised when the defendant claims that the court did not consider mitigating factors. **See Commonwealth v. Dodge**, 77 A.3d 1263, 1272 n.8 (Pa.Super. 2013) (*en banc*).

Based upon the state of the record, we must reject Appellant's claim that the court did not take into account his rehabilitative needs, substance abuse, his family, and employment opportunities when it imposed sentence. The trial court had the benefit of a pre-sentence investigation. The court stated that the report "outline[d] social, hereditary, educational, employment and medical information of Appellant[,]" and that the court took into account these circumstances, together with all sentencing factors, when it imposed its sentence. Trial Court Opinion, 12/16/16, at 11. Furthermore, as Appellant acknowledges, defense counsel orally apprised the court at sentencing of Appellant's drug dependency issues, his family support, and his work history. *See* N.T. Sentencing, 1/29/16, at 4-6.

Under the circumstances, we are required to reject the premise that the trial court did not properly consider the aforementioned facts in its sentencing decision. *Commonwealth v. Macias*, 968 A.2d 773 (Pa.Super. 2009). Our Supreme Court has articulated that if "it can be demonstrated that the judge had any degree of awareness of the sentencing considerations," the appellate courts must "presume . . . that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988); *accord Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa.Super. 2009) (relying upon *Devers* and stating "where the trial court is

informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed").

The sentence imposed was in the mitigated range of the guidelines. We cannot characterize the sentence as clearly irrational or unguided by sound judgment. Herein, the sentencing court was cognizant of all the facts that Appellant now relies upon in mitigation of his sentence, and thus, fully aware of all aggravating and mitigating factors when it imposed Appellant's sentence. We find no abuse of discretion on the part of the trial court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2017