J-S82010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DERRYS SANDERS, JR., | |
| Appellant | No. 1 WDA 2017 |

Appeal from the Judgment of Sentence Entered October 14, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002290-2015

BEFORE:  BENDER, P.J.E., STEVENS, P.J.E.*, and STRASSBURGER, J.**

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 14, 2018**

Appellant, Derrys Sanders, Jr., appeals from the judgment of sentence of 35 years' to life imprisonment, imposed after he pled guilty to first-degree murder, committed when he was 14 years old.  Appellant solely challenges the discretionary aspects of his sentence on appeal.  After careful review, we affirm.

Appellant summarizes the facts underlying his conviction as follows:

> Appellant's [conviction] stems from events that occurred on July 11, 2015[,] that resulted in the death of eighteen (18) year old[] Jacob Pushinsky [hereinafter, "Jacob"].  Pursuant to testimony from [] Appellant's preliminary hearing, Zachary Pushinsky [hereinafter, "Zachary"], [the] younger brother of

_____

* Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

Jacob, testified that he, Jacob and two other boys were riding bikes on the date of the incident.

[Zachary] … testified that he lagged behind the three other boys riding bikes and eventually caught up to them in the area of Eighth (8th) and German Streets in Erie, Pennsylvania. When [Zachary] … approached the intersection, he … saw [] [A]ppellant pushing Jacob … up against a car. [Zachary] testified that he saw [] Appellant trying to get the bike away from Jacob … and was saying[,] "[g]ive me the bike." [Zachary] ... further stated that after Jacob … did not respond to [] Appellant's request for the bike, [] Appellant took out a gun from his pants and shot Jacob…. [Zachary] was able to identify the person who shot Jacob … as [] Appellant because he and [] Appellant had been in the same class together in 7th grade. [] Appellant was fourteen (14) years old on the date of the incident. Pursuant to the police report taken on the date of the incident, Jacob … passed away due to the gunshot wound on the same date.

Appellant's Brief at 4-5 (citations to the record omitted).

Appellant was arrested and charged as an adult. He subsequently moved to have his case transferred to the Juvenile Division of the Court of Common Pleas of Erie County but, following a decertification hearing, the court denied that motion. On August 12, 2016, Appellant pled guilty to first-degree murder, and on October 14, 2016, he was sentenced to serve 35 years' to life incarceration. Appellant filed a timely motion for reconsideration of his sentence. On December 6, 2016, the court issued an order and opinion denying that motion.

Thereafter, Appellant filed a timely notice of appeal. The court did not direct him to file a Pa.R.A.P. 1925(b) statement, and on January 20, 2017, the court issued a Rule 1925(a) opinion stating that it was relying on the

rationale set forth in its December 6, 2016 opinion denying Appellant's post-sentence motion. Herein, Appellant raises one issue for our review:

> Whether the sentence of the trial court is contrary to 18 Pa.C.S.[] § 1102.1 and the holding in **Commonwealth v. Batts**[, 163 A.3d 410 (Pa. 2017),] (**Batts II**)?

Appellant's Brief at 3.

We begin by noting that Appellant is challenging the trial court's decision to impose a minimum term of 35 years' incarceration, which exceeds the 25-year, mandatory minimum sentence set forth in 18 Pa.C.S. § 1102.1(a)(2).[1]

It is well-settled that,

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

_____

[1] That provision states:

> **(a) First degree murder.--**A person who has been convicted after June 24, 2012, of a murder of the first degree, first degree murder of an unborn child or murder of a law enforcement officer of the first degree and who was under the age of 18 at the time of the commission of the offense shall be sentenced as follows:
>
> ***
>
> (2) A person who at the time of the commission of the offense was under 15 years of age shall be sentenced to a term of life imprisonment without parole, or a term of imprisonment, the minimum of which shall be at least 25 years to life.

18 Pa.C.S § 1102.1(a)(2).

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912–13.

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant filed a timely notice of appeal, and he raised the within claim in his post-sentence motion for reconsideration of his sentence. Appellant also has set forth a Rule 2119(f) statement in his appellate brief, thus satisfying the first three requirements for obtaining review of his sentencing claim. However, we conclude that Appellant has not met the fourth requirement of demonstrating that a substantial question exists. In his Rule 2119(f) statement, Appellant contends that his minimum sentence of 35

years' imprisonment is improper, because our Supreme Court in **Batts II** stated that "[t]he sentencing court should fashion the minimum term of incarceration using, as guidance, section 1102.1(a) of the Crimes Code." **Batts II**, 163 A.3d at 460. Appellant offers absolutely no discussion of how the court's sentencing decision was inconsistent with the Sentencing Code, or contrary to the norms underlying the sentencing process. Thus, he has failed to meet his burden of demonstrating that he is raising a substantial question for our review.

Nonetheless, even if Appellant had met this burden, we would conclude that he is not entitled to sentencing relief. In regard to Appellant's suggestion that the trial court lacked the discretion to sentence him above the 25-year mandatory minimum set forth in section 1102.1(a)(2), the plain language of section 1102.1(e) defeats this claim. That provision states that, "[n]othing in this section shall prevent the sentencing court from imposing a minimum sentence greater than that provided in this section." 18 Pa.C.S. § 1102.1(e).

Additionally, the holding of **Batts II** did not limit the court's discretion in this regard. There, our Supreme Court established a rebuttable presumption against sentencing juveniles **to life without parole**. **Batts II**, 163 A.3d at 459. To rebut the presumption, the Commonwealth must prove that the juvenile is "permanently incorrigible and thus is unable to be rehabilitated." **Id.** Here, Appellant did not receive a life-without-parole sentence and, therefore, the holding of **Batts II** is inapplicable. Moreover, the **Batts II** Court declared that sentencing courts should be **guided by** the

minimum sentences contained in section 1102.1(a), supporting that courts may deviate upwards from those baseline minimums. *Id.* at 460. Therefore, the trial court's imposition of a 35-year minimum sentence in Appellant's case does not violate the holding or rationale of ***Batts II***.

Finally, we also reject Appellant's argument that, in imposing a lengthier minimum sentence, the trial court "failed to consider the mitigating circumstances and the rehabilitative possibilities of [] Appellant." Appellant's Brief at 9. More specifically, Appellant argues that the court did not take into account the fact that he accepted responsibility by pleading guilty, spared the victim's family from going through trial, showed remorse for his actions, and had a mental health diagnosis of attention-deficit/hyperactivity disorder and oppositional defiant disorder. *Id.*

Preliminarily, this claim was not set forth in Appellant's Rule 2119(f) statement and, thus, Appellant has not demonstrated that it presents a substantial question for our review. In any event, the record demonstrates that the trial court did consider these mitigating circumstances, *see* Trial Court Opinion, 12/6/16, at 3, but it found that other, aggravating factors weighed more heavily and warranted a lengthier minimum sentence. Specifically, the court explained:

> In the case at bar, the victim was, by all evidence, a fine young man who was killed at age 18 as he was about to graduate from high school. Most of his life was ahead of him and his future appeared bright. Needless to say, his close[-]knit family was devastated, especially his younger brother who was with him when he died and witnessed the shooting. The community was shocked and outraged that this crime occurred; an 18 year old

shot by a 14 year old in broad daylight on a city street, and over a bicycle. The nature of the offense was particularly appalling; the victim was chased down, refused to give up his bicycle, [and was] shot at point blank range while his brother stood helplessly by as [Appellant] then fled. And[,] as the Commonwealth has pointed out, [there was] no accomplice, [and] no peer pressure, just [Appellant] chasing, demanding, shooting and fleeing. Certainly [Appellant's] culpability was clearly indicative of a cold and calculated disregard for anyone and anything but his own selfish desire to possess the victim's bike and his willingness to use any means necessary (including the gun he was carrying) to obtain his objective, even at the expense of another young man's life. No one else had any hand in the preparation, planning, commission or decision to carry[] out and commit this crime. [Appellant] alone was culpable for everything that transpired.

*Id.* at 1-2.

Additionally, the court noted that it considered a pre-sentence report, and Appellant's "age-related characteristics, including the voluminous information set forth at the decertification hearing…." *Id.* at 2. The court also took into account Appellant's "prior delinquent/criminal history[,]" which "involve[d] a deadly weapon (knife), numerous problems at home and school, and on prior supervision, as well as unsuccessful rehabilitation attempts." *Id.* at 3.

After weighing both the mitigating and aggravating circumstances in this case, the court determined that a 35-year, minimum sentence was warranted, rather than the 25-year mandatory minimum set forth in section 1102.1(a)(2). Given the record before us, we would discern no abuse of discretion in the court's decision, even had Appellant demonstrated that his claims amounted to substantial questions for our review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/14/2018