J-A20003-18

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN MACBETH, | |
| Appellant | No. 861 WDA 2017 |

Appeal from the Judgment of Sentence Entered May 17, 2017
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):
CP-33-CR-0000314-2016
CP-33-CR-0000315-2016

BEFORE: BENDER, P.J.E., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.: FILED SEPTEMBER 17, 2018

Appellant, John MacBeth, appeals from the judgment of sentence of an aggregate term of 8½ to 17 years' incarceration, imposed after he pled guilty to 34 counts of recklessly endangering another person (REAP), 18 Pa.C.S. § 2705. Appellant solely challenges the discretionary aspects of his sentence. After careful review, we affirm.

The facts, according to Appellant, are as follows:

On March 11, 2016, Appellant was a resident in a cabin owned by his family. Said cabin was part of a series of cabins rented by the family during the summer months.[1] On March

_____

[1] According to unobjected-to statements by the trial court at sentencing, Appellant was "a caretaker at [the] campground[,]" which is located in Cook Forest, Pennsylvania. See N.T. Sentencing, 5/17/17, at 27. As stated by Appellant, the campground is owned by his family, and is called MacBeth Campground. See Appellant's Brief at 7.

11[th,] his sister and another individual came to the residence and encountered Appellant who was intoxicated. Appellant pointed a handgun at them and they departed. They called 911 and [the] Pennsylvania State Police responded the following day. When Appellant refused to come out of the residence[,] a stand-off commenced. Thirty-[t]wo [s]tate [t]roopers ultimately arrived at MacBeth Cabins. Police used teargas to dislodge Appellant and Appellant responded by discharging a firearm.[2]

Appellant's Brief at 7.

Appellant was arrested and charged with 32 counts each (relating to all police officer victims) of attempted homicide, aggravated assault, and REAP. In a consolidated case, he was also charged with two counts of REAP (relating to his sister and the other individual with her). Ultimately, he entered a guilty plea to the 34 REAP counts in both cases, and the remaining charges were withdrawn. On May 17, 2017, Appellant was sentenced to consecutive terms of 3 to 6 months' incarceration for each REAP count, totaling an aggregate term of 8½ to 17 years' incarceration. He filed a timely post-sentence motion for reconsideration of his sentence, which the court denied.

Appellant then filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he raises one issue for our review:

I. Did the [t]rial [c]ourt abuse its discretion when it denied Appellant's Motion to Modify Sentence and where the sentence that was imposed did not make a meaningful inquiry into the factors set forth in 42 Pa.C.S.[] § 9721?

_____

[2] Appellant fired approximately 30 shots. See N.T. Sentencing at 13. It is not clear whether Appellant fired at the state troopers, or at the ceiling and walls of the cabin. Id. at 11, 13.

- 2 -

Appellant's Brief at 5.

We begin our review of Appellant's claim by noting that,

[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. Commonwealth v. Sierra, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

Commonwealth v. Evans, 901 A.2d 528, 533 (Pa. Super. 2006), appeal denied, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. Commonwealth v. Mann, 820 A.2d 788, 794 (Pa. Super. 2003), appeal denied, 574 Pa. 759, 831 A.2d 599 (2003).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. Commonwealth v. Paul, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Sierra, supra at 912–13.

Commonwealth v. Griffin, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010)).

Instantly, Appellant filed a timely notice of appeal and preserved his

sentencing claim in a post-sentence motion.  In his brief, Appellant sets forth

a Rule 2119(f) statement in which he avers that his sentence is manifestly excessive because,

> the trial court failed to adequately consider [his] mental health and alcoholism and instead focused on the "what if" question - "what if" someone had been injured. The trial court also relied on facts not in evidence when it equated shooting in the air or [at the] ground with actually shooting AT the state troopers present. The trial court also invented the "huge effect on the community" [factor] when there were no such facts presented by the Commonwealth.

Appellant's Brief at 10 (emphasis in original).

Notably, Appellant does not identify what provisions of the Sentencing Code the court violated, nor cite any case law to demonstrate that the arguments he presents constitute substantial questions for our review. More problematically, Appellant's assertions in his Rule 2119(f) statement were not preserved in his Rule 1925(b) statement. Therein, Appellant presented the following, single issue:

> a. The trial court abused its discretion when it sentenced [Appellant] to an aggregate period of incarceration of [8½] to [17] years['] incarceration by sentencing [Appellant] to three to six months['] incarceration for each count of conviction [sic] and then running all said counts consecutively[.]

Rule 1925(b) Statement, 6/15/17, at 1 (single page).

Appellant did not claim, in his concise statement, that the court failed to consider the mitigating circumstances of his mental health issues and alcoholism, or his rehabilitative needs regarding these issues. He also did not contend that the court improperly considered that he shot at the state troopers, or that the court erred by concluding there was a 'huge effect' on

the community. Therefore, the trial court did not address these claims in its Rule 1925(a) opinion. See Trial Court Opinion, 1/10/18, at 1-2. Consequently, Appellant has waived these arguments for our review. See Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").[3]

Nevertheless, even if Appellant's arguments had been properly preserved in his concise statement, and if they constituted substantial questions for our review, we would deem his claims meritless. First, in the argument portion of his brief,[4] Appellant avers that the trial court failed to consider his mental health issues and alcoholism. The record belies this claim. Defense counsel provided the trial court with a sentencing memorandum detailing these issues, and the court stated that it had "read it several times, as well as the presentence [report defense counsel] reference[d] in it." N.T. Sentencing at 3. Defense counsel also discussed Appellant's mental health and alcohol problems at the sentencing proceeding. Id. at 4-6. Before

_____

[3] We point out that Appellant was notified, in the court's order directing him to file a concise statement, that "[a]ny issue not properly included in this statement, timely filed with the Prothonotary, and served on the trial judge … shall be waived." Rule 1925(b) Order, 6/9/17, at 1 (citing Pa.R.A.P. 1925(b)(4)).

[4] The claims presented in Appellant's Rule 2119(f) statement do not exactly align with the assertions set forth in the argument portion of his brief. In our alternative analysis, we address only the claims presented in Appellant's argument, despite that some of those assertions were not set forth in his Rule 2119(f) statement.

imposing Appellant's sentence, the court took a short break and, when it returned, it stated that it had again "reviewed the sentencing memorandum provided by [defense counsel]..., the presentence investigation report provided by Jefferson County Adult Probation, the notes taken of the argument and statements from this morning, [and 42 Pa.C.S. §] 9721 regarding the statutory bases for sentencing." Id. at 22-23. The court stressed that it "considered everything contained [in] each of those documents." Id. at 23. The court also acknowledged that the psychologist who had examined Appellant prior to sentencing opined that Appellant's actions were triggered by "a mixture of [his] new medication and alcohol." Id. at 25. The court ultimately imposed mitigated-range sentences for 32 of Appellant's 34 REAP counts, and standard-range terms for his other two REAP convictions, "because of [Appellant's] drug and alcohol and mental health problems...." Id. at 33. Obviously, this record demonstrates that the trial court not only took into account, but also weighed in Appellant's favor, his mental health issues and his alcoholism in fashioning his sentence. Therefore, we would deem Appellant's first argument meritless.

Second, we would reject Appellant's claim that the court improperly concluded that he fired shots at the state troopers. At the sentencing hearing, defense counsel and the Commonwealth clearly disagreed about this fact, with defense counsel's arguing that there was no evidence that Appellant fired at anything but the floor, ceiling, and walls of the cabin he was in, id. at 13, and the Commonwealth's maintaining that Appellant fired in the direction of the

officers outside his home, id. at 17. Ultimately, in stating its reasons for Appellant's sentence, the court did not focus on the fact that Appellant fired at the officers; instead, the court stressed that all of the officers present at the scene heard the shots being fired, which could have caused them to be "scared and worried about injury[,]" regardless of "[w]hether [the shots] were fired in the ceiling, the ground, at the troopers, or at anything...." Id. at 26. Thus, the court did not rely on Appellant's firing at the state troopers when fashioning his sentence.

We would also discern no abuse of discretion in the court's considering that Appellant's conduct "had a huge effect on the community." Id. at 27. The Commonwealth stressed that Appellant engaged in an eight-hour standoff with police during which 32 officers responded and Appellant fired at least 30 gunshots. Id. at 10, 11, 19. The Commonwealth argued that Appellant's conduct "put the whole community in chaos" and "terrorized his family." Id. at 15. While defense counsel attempted to minimize the event, characterizing it as being only "tremendously inconvenient for the Cook[] Forest community," id. at 8, the trial court disagreed. Instead, aligning with the Commonwealth's position, the court stressed that 32 officers had responded to this incident, which occurred in a small community. Id. at 25, 26. The court further explained that the cabin in which Appellant was shooting was in "a camping place where people go" year-round, and that Appellant was "a caretaker" at that public campground. Id. at 27. Additionally, the court pointed out that the incident occurred "right along Route 36, which is the main artery for that

area...." Id. For these reasons, the court concluded that this event "had to be a shock to the individuals involved or the citizens around there...." Id. In light of the circumstances of this case, we discern no abuse of discretion in the trial court's characterizing Appellant's conduct as having a "huge effect on the community." Id. at 26-27.

Finally, to the extent that Appellant argues that the court abused its discretion in imposing his sentences consecutively (a claim which was preserved in his Rule 1925(b) statement, but was not set forth in his Rule 2119(f) statement), we would disagree. In explaining its decision to fashion such a sentence, the court explained:

> [THE COURT]: I do think, as I said, for each person, there should be a separate sentence because each person had that individual danger o[r] fear. I'm not going to guess whether it could have been a ricochet or it could have been other means. I don't know if [the officers] shot back without injuring themselves or things like that. I ... just think when you use a gun and you start shooting shots, whether it's in the ceiling or the floor or the woods, you're causing a danger and you're causing a danger to the people that are there. So each person should have their own sentence.
>
> Now, because the [deadly weapon enhancement] guidelines are so high, steep, I don't think you deserve a life sentence, because I could go fifteen months in the standard range on each shot. That would put you above your actuary life.[5] I don't think that's appropriate either.
>
> But ... I am going to, taking the matters up in the sentencing memorandum, give you a mitigated sentence at each of the counts.

_____

[5] Appellant was 48 years old at the time of the sentencing proceeding. Id. at 23.

Id. at 27-28. After imposing mitigated-range sentences of 3 to 6 months' incarceration for each count involving a police officer, and 3 to 6 month standard-range sentences for the two other individuals victimized by Appellant's conduct, the court concluded by stating:

> [THE COURT:] … [A]lthough on each of these counts I gave you a mitigated sentence because of your drug and alcohol and mental health problems, the reasons I set forth earlier and the reasons they are consecutive, and just the overall violent nature of the action -- I think that sentence is appropriate.

Id. at 33-34.

In light of this record, it is clear that the trial court took into account the mitigating circumstances of this case and imposed lighter sentences on each REAP count. However, the court chose to run those counts consecutively because of the danger each victim faced, the seriousness of Appellant's offenses, and the impact on the community as a whole. We would ascertain no abuse of discretion in the court's sentencing decisions.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2018

- 9 -