J-S36027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ELIZABETH OTERO :
:
Appellant : No. 3395 EDA 2017

Appeal from the Judgment of Sentence July 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009089-2012

BEFORE: GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 18, 2018**

Appellant, Elizabeth Otero, appeals from her July 20, 2017 Judgment of
Sentence of 18 to 36 months' incarceration following the revocation of her
parole. Appellant challenges the discretionary aspects of her sentence and
argues that the trial court erred in failing to determine whether she was
eligible for sentencing under the Recidivism Risk Reduction Incentive ("RRRI")
Act, 61 Pa.C.S. §§ 4501-4512. We conclude that further proceedings are
necessary to determine whether Appellant is eligible for an RRRI sentence.
Accordingly, we vacate and remand for further proceedings.

On December 20, 2012, Appellant, a mental health court participant,[1] entered a negotiated guilty plea to one count of Burglary,[2] a first-degree felony. That same day, the court sentenced her to 11½ to 23 months' incarceration, followed by 10 years' reporting probation.[3] The imposed sentence included immediate parole to an inpatient mental health treatment program. The conditions of Appellant's sentence required that she maintain mental health, drug, and alcohol treatment, that she appear for court dates, attend meetings with her probation officer, not commit new crimes, and submit to random drug screenings.[4]

Over the course of the following 4 years, Appellant violated the terms of her probation with a number of technical violations and one direct violation resulting from a prostitution arrest in Philadelphia. Over the same period, the court made multiple findings of Appellant's incompetency.

On June 9, 2017, the court issued a bench warrant for Appellant's arrest due to her failure to maintain treatment and for testing positive for cocaine.

---

[1] Appellant has a diagnosis of schizophrenia, and cocaine and marijuana use disorder. In addition, she has borderline intellectual functioning.

[2] 18 Pa.C.S. § 3502(a).

[3] Appellant waived the preparation of a Pre-Sentence Investigation Report.

[4] On January 3, 2013, the court paroled Appellant to Girard Medical Center, and drug rehabilitation was scheduled.

Following a psychiatric evaluation, Appellant was deemed incompetent and the court committed her to a treatment center for 30 days.

On July 20, 2017, after being deemed competent, Appellant appeared for a violation hearing. That same day, the court revoked Appellant's probation and sentenced her to a term of 18 to 36 months' incarceration, followed by three years of probation, for her Burglary conviction.[5] The court determined that Appellant was not eligible for a reduced RRRI sentence.

Appellant filed a timely Petition to Vacate and Reconsider Sentence, which the court denied on August 4, 2017.

This timely appeal followed. Both Appellant and the revocation court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal, which we have reordered for ease of disposition:

1. The lower court erred as a matter of law and abused its discretion when, based on purely technical violations, the lower court imposed a manifestly excessive and unreasonable sentence of 1½ to 3 years of confinement, inasmuch as the court failed to conduct an individualized sentencing, did not properly consider the sentencing factors under 42 Pa.C.S. § 9721, ignored whether the sentence was the least stringent to protect the community, did not consider Appellant's rehabilitative needs, did not sufficiently place its reasons for its sentence on the record, and violated 42 Pa.C.S. § 9771(c) of the Sentencing Code by imposing a sentence of incarceration upon revocation without the required statutory justifications.

---

[5] The sentencing court recommended Appellant serve her sentence at a state facility that can provide Appellant with mental health treatment. The court also terminated Appellant from participating in mental health court.

2. The lower court imposed an illegal sentence by ruling that Appellant, who was found in violation of a sentence for the [underlying] crime of First[-]Degree Burglary, was ineligible for a reduced sentence under the [RRRI] Act [ ], in contravention of *Commonwealth v. Cullen-Doyle*, 164 A.3d 1239 (Pa. 2017), which holds that a present conviction for First-Degree Burglary, by itself, does not disqualify a defendant from eligibility for a reduced sentence under the [RRRI] Act.

Appellant's Brief at ii.

Appellant's first issue challenges the discretionary aspects of her sentence. Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right, and a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987); *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must satisfy a four-part test. We evaluate: (1) whether Appellant filed a timely notice of appeal; (2) whether Appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code. *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013). An appellant must articulate the reasons the sentencing court's actions violated the Sentencing Code. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010); *Sierra*, 752 A.2d at 912-13.

Here, Appellant timely appealed from her revocation sentence and she preserved her challenge to the discretionary aspects of her sentence in a Motion to Reconsider and in a Pa.R.A.P. 2119(f) Statement in her Brief to this Court. Thus, we consider whether Appellant has presented this Court with a substantial question for review.

Appellant claims that her revocation sentence of total confinement for a technical violation, and not a new criminal offense, violates the fundamental norms underlying the sentencing process. Appellant's Brief at 12 (citing 42 Pa.C.S. § 9771(c)). She also claims that her sentence is excessive and that the court failed to consider all relevant sentencing factors. Appellant's Brief at 13 (citing 42 Pa.C.S. § 9721(b)). We conclude that Appellant has raised a substantial question for this Court's review. **Sierra**, 752 A.2d at 913. We, thus, address the merits.

Generally, "the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." **Sierra**, 752 A.2d at 913.

42 Pa.C.S. § 9771(b) authorizes a court to revoke an order of probation upon proof that a defendant has violated one or more of its specified conditions. 42 Pa.C.S. § 9771(b).

Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation."

42 Pa.C.S. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. **Commonwealth v. Simmons**, 56 A.3d 1280, 1287 (Pa. Super. 2012); 42 Pa.C.S. § 9771(b).

Once probation has been revoked, 42 Pa.C.S. § 9771(c) prohibits the imposition of a sentence of total confinement upon revocation unless: (1) the defendant has been convicted of another crime; or (2) the defendant's conduct is indicative that she is likely to commit another crime if she is not incarcerated; or (3) a sentence of total confinement is necessary to vindicate the court's authority. **See** 42 Pa.C.S. § 9771(c).

Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant[]" does not apply to a revocation sentence. **Commonwealth v. Pasture**, 107 A.3d 21, 27 (Pa. 2014) (citing 42 Pa.C.S. § 9721(b)). **See also** 204 Pa. Code § 303.1(b) ("The sentencing guidelines do not apply to sentences imposed as a result of . . . revocation of probation, intermediate punishment or parole.").

Appellant argues that, in sentencing her to total confinement for a technical violation, the sentencing court violated the provisions of 42 Pa.C.S. § 9771(c). Appellant's Brief at 19. She disputes the court's reasoning that its sentence was necessary to vindicate the authority of the court because her violation "was based purely on treatment problems stemming from her mental

health issues." ***Id.*** at 21. She avers that her sentence of incarceration is "purely punitive" and "will not foster [A]ppellant's rehabilitative process." ***Id.***

In addition, Appellant argues that her revocation sentence is inconsistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community" and her rehabilitative needs. ***Id.*** at 22 (citing 42 Pa.C.S. § 9721(b)). In particular, she claims that the sentencing court failed to consider the relevant factors set forth in 42 Pa.C.S. § 9721(b) and that the ordered term of incarceration exceeded that which is required to protect the public because Appellant has never demonstrated that she is a threat to public safety. ***Id.*** at 22-23. She posits that her sentence is "counterproductive and fails to account for any of the individualized sentencing needs announced in the [Sentencing] Code." ***Id.*** at 23.

In addressing Appellant's claim, the sentencing court explained that Appellant's "sentence of total confinement was proper to vindicate the authority of the [c]ourt." Trial Ct. Op., 11/7/17, at 6. The sentencing court, which had presided over every stage of this proceeding—from Appellant's original guilty plea hearing to the resentencing that is the subject of the instant appeal—explained that Appellant's non-compliant behavior persisted throughout her time in mental health court and resulted in probation revocations in 2013, 2015, and 2017, and her eventual expulsion from mental health court. ***Id.*** The court made every effort to afford Appellant the

opportunity to obtain mental health and drug treatment and even permitted her to reenter mental health court despite her persistent non-compliance. **Id.**

The court also explained that, when fashioning Appellant's revocation sentence, it properly considered the need to protect the public, the gravity of Appellant's offense, and her rehabilitative needs. **Id.** at 7. It noted that it had balanced the ample opportunities it had afforded her to avail herself of the services and support of mental health court with her continued failure to do so. **Id.**

Following our review of the record, we conclude that the sentencing court properly exercised its discretion in imposing a sentence of total confinement. Given Appellant's history of repeated non-compliance with the terms of her parole, a sentence of total confinement was necessary to vindicate the court's authority. Thus, Appellant is not entitled to relief on this claim.

In her second issue, Appellant claims that, because the court found her ineligible for an RRRI sentence based on her present conviction of First-Degree Burglary, her sentence is illegal pursuant to the holding in **Commonwealth v. Cullen-Doyle**, 164 A.3d 1239 (Pa. 2017).[6] Appellant's Brief at 15.

The RRRI Act is a penal statute. **Commonwealth v. Chester**, 101 A.3d 56, 60 n.6 (Pa. 2014). Eligibility for an RRRI sentence is codified in 61 Pa.C.S. § 4503, and the question of whether a defendant is RRRI eligible "presents a

_____

[6] The sentencing court and the Commonwealth agree with Appellant.

question of statutory construction and implicates the legality of the sentence imposed." ***Commonwealth v. Quiles***, 166 A.3d 387, 392 (Pa. Super. 2017) (quotations and citation omitted). "Therefore, our standard of review is *de novo* and the scope of our review is plenary." ***Id.*** (quotation and citation omitted).

To qualify for a RRRI minimum sentence, the defendant must establish that she is an "eligible offender," which the RRRI Act defines, in relevant part, as follows:

> A defendant or inmate convicted of a criminal offense who will be committed to the custody of the [Department of Corrections] and who meets all of the following eligibility requirements:
>
> (1) Does not demonstrate a history of present or past violent behavior.

61 Pa.C.S. § 4503(1). The determination of whether the defendant fulfills these standards "entails statutory interpretation," for which "our review is de novo and plenary." ***Cullen-Doyle***, 164 A.3d at 1241 (citation omitted).

In ***Cullen-Doyle***, decided the same day that the instant court sentenced Appellant, the Pennsylvania Supreme Court held that a conviction of First-Degree Burglary, by itself, does not disqualify a defendant from RRRI eligibility. ***Id.*** at 1244.

Instantly, the sentencing court deemed Appellant, who had one present conviction of First-Degree Burglary, ineligible for an RRRI sentence. In light of our Supreme Court's holding in ***Cullen-Doyle***, we conclude that the trial court erred in finding that Appellant's single, current conviction for First-

Degree Burglary necessarily rendered her ineligible for the RRRI program under Section 4503(1). Thus, we vacate the Judgment of Sentence and remand for reconsideration of Appellant's eligibility for the RRRI program.

Judgment of Sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/18