J-S68026-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IVAN KLIMEK VONLUNEN | : | |
| | : | |
| Appellant | : | No. 413 WDA 2018 |

Appeal from the Judgment of Sentence January 23, 2018
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000189-2017

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                    FILED DECEMBER 31, 2018

Appellant, Ivan Klimek VonLunen, appeals from the January 23, 2018 Judgment of Sentence entered in the Crawford County Court of Common Pleas following his guilty plea to two counts of Sexual Abuse of Children (Dissemination of Photos/Film), one count of Sexual Abuse of Children (Possession of Child Pornography), and one count of Possession of Instruments of Crime.[1]   On appeal, Appellant challenges the discretionary aspects of his sentence.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On August 28, 2017, Appellant entered a guilty plea to the above charges, arising from

_____

[1] 18 Pa.C.S § 6312(c); 18 Pa.C.S § 6312(d); and 18 Pa.C.S. § 907(a), respectively.

_____

*   Former Justice specially assigned to the Superior Court.

Appellant's possession and transmittal of child pornography.[2]  The lower court ordered the preparation of a Pre-Sentence Investigation ("PSI") Report and a Sexually Violent Predator ("SVP") assessment.[3]

On January 23, 2018, the court sentenced Appellant to an aggregate term of incarceration of 3½ to 15 years' incarceration, consisting of three consecutive 14- to 60-month terms of incarceration for his Sexual Abuse of Children convictions and a concurrent term of 1 to 12 months' incarceration for his Possession of Instrument of Crime conviction.[4]  At the sentencing hearing, the court explained in detail why it sentenced Appellant as it did, including why it imposed an aggravated range sentence for Appellant's Possession of Child Pornography conviction.  See N.T. Sentencing, 1/23/18, at 14-18, 20.[5]

_____

[2] Police retrieved more than 100 movies and 1500 still images of child pornography from Appellant's computer.  See N.T. Sentencing, 1/23/18, at 5.

[3] The assessor concluded that Appellant is not a SVP.

[4] The court imposed standard range sentences for Appellant's convictions of Dissemination of Child Pornography, but imposed an aggravated range sentence for his conviction of Possession of Child Pornography.  It also imposed a standard range sentence for his conviction of Possession of Instruments of Crime.

[5] The sentencing court's stated reasons included: (1) that Appellant would otherwise be subject to federal prosecution if not for the plea agreement; (2) the impact Appellant's crimes had had on the victim; (3) the extraordinary amount of pornography in Appellant's possession; and (4) that it sentenced Appellant to a concurrent sentence for his Possession of Instruments of Crime conviction.  See N.T. at 20.  See also Trial Ct. Op., 4/12/18, at 3.

On February 1, 2018, Appellant filed a Post-Sentence Motion asking the court to modify his sentence based on mitigating factors. Motion, 2/1/18, at ¶ 7. The trial court denied Appellant's Motion on February 14, 2018.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant's raises the following issue on appeal:

Whether [A]ppellant's sentence is manifestly excessive, clearly unreasonable[,] and inconsistent with the objectives of the Sentencing Code?

Appellant's Brief at 5.

Appellant's issue challenges the discretionary aspects of his sentence. In particular, Appellant argues in his Brief that the sentencing court abused its discretion in imposing consecutive sentences—one of which was in the aggravated range—and by failing to consider mitigating factors. Id. at 8-10.[6] Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Commonwealth v. Sierra, 752 A.2d 910, 912 (Pa. Super. 2000).

Prior to reaching the merits of a discretionary sentencing issue, we must determine whether: (1) appellant has filed a timely notice of appeal; (2) the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) appellant's brief has a fatal defect; and (4) there is a

_____

[6] In his Post-Sentence Motion, Appellant did not challenge the court's imposition of consecutive sentences per se or allege that the court abused its discretion in imposing an aggravated range sentence for his Possession of Child Pornography conviction.

substantial question that the sentence is not appropriate under the Sentencing Code. Commonwealth v. Evans, 901 A.2d 528, 533 (Pa. Super. 2006).

Here, Appellant filed a timely Notice of Appeal. Our review of Appellant's Post-Sentence Motion indicates that he preserved his claim that the court abused its discretion in failing to consider mitigating factors. Appellant has also included a separate Pa.R.A.P. 2119(f) Statement in his Brief to this Court. We, thus, consider whether the issue Appellant preserved raises a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." Commonwealth v. Anderson, 830 A.2d 1013, 1018 (Pa. Super. 2003) (citation omitted). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Sierra, supra at 912-13 (citation and quotation omitted).

Appellant avers that the trial court erred in failing to consider mitigating factors. Appellant's Brief at 8, 10. He asserts that his sentence is inconsistent with the objectives of the Sentencing Code, but he fails to indicate which provision of the Sentencing Code the court violated and in what way. Id. at 7. See also Sierra, supra at 913. Rather, Appellant claims his sentence is excessive because it includes consecutive sentences without regard to his

acceptance of responsibility, his remorse, his age, and the fact that he has no prior criminal record. Appellant's Brief at 8.

Claims that the sentencing court did not adequately consider mitigating factors generally do not raise a substantial question. See Commonwealth v. Disalvo, 70 A.3d 900, 903 (Pa. Super. 2013) ("This Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review."); Commonwealth v. Zirkle, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question.").

It is also well-settled that a bare challenge that the trial court erred in imposing consecutive sentences does not raise a substantial question. See Zirkle, 107 A.3d at 133; Commonwealth v. Moury, 992 A.2d 162, 171-72 (Pa. Super. 2010) ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.").

Based on our review of the above precedential case law, the nature of the crimes at issue, and the length of imprisonment, we conclude that Appellant has failed to present a substantial question in challenging the

discretionary aspects of his sentence.  We, thus, decline to review the merits of the issue raised.[7]

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/31/2018

_____

[7] To the extent that Appellant purports to challenge the imposition of an aggravated-range sentence for his Possession of Child Pornography conviction, we note that he has failed to develop the claim in his Brief beyond the mere acknowledgement that the sentence is in the aggravated-range. We, thus, find this claim waived.  See Commonwealth v. Johnson, 985 A.2d 915, 924–25 (Pa. 2009) (claims not developed in appellate brief are waived; "we will not develop Appellant's arguments for him").