J-A24001-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
MATTHEW JOSEPH BRUBAKER :
:
Appellant : No. 1287 WDA 2019

Appeal from the Judgment of Sentence Entered April 22, 2019
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000844-2018

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY: BENDER, P.J.E. FILED OCTOBER 07, 2020

Appellant, Matthew Joseph Brubaker, appeals from the aggregate judgment of sentence of 20 to 41 years' incarceration, imposed after he pled guilty to one count of corruption of minors, 730 counts of sexual intercourse with animals, and 730 counts of cruelty to animals. Appellant solely challenges the discretionary aspects of his sentence. We affirm.

The trial court set forth the following summary of the facts and procedural history of this case:

The case at bar involves sexual intercourse with horses, goats, and dogs by … [Appellant,] and the exposing of a minor child (sixteen years old) to these deviate sex acts. No trial was held, but [Appellant entered] a guilty plea and accepted all facts in the affidavit of probable cause[,] as set forth below. [Appellant], Terry Wallace ("Wallace"), and Marc Measnikoff ("Measnikoff") all owned a plot of land in Munson, Pennsylvania. [Appellant] and Measnikoff shared a camper on one side of the property and Wallace and his child lived in a camper on the other side of the property. [Appellant] owned five horses, four of which

were female, one of which was male. Wallace owned one horse. Measnikoff owned nine horses, seven of which were female and two of which were male. There were also goats, at least one cow, and dogs on the property. [Appellant] had sexual intercourse with dogs, goats, a cow, and each of the female horses. [Appellant] had sexual intercourse with animals daily. [Appellant] would often videotape these sexual encounters.

This case came to the attention of police after an interview with Wallace's child, who reported that for the past four [to] five years[,] he ha[d] been exposed to all three men having sexual intercourse with animals on a daily basis. The child stated that he first discovered this conduct when he found a video of his father, Wallace, having sexual intercourse with a goat on the[ir] shared i[P]ad. The child reported that Wallace would receive a message from Measnikoff and/or [Appellant] and go to their camper. The child would then be expected to locate a particular horse, walk it into a V shaped chute, and wait on the other side of the wall until whoever was abusing the horse finished having sexual intercourse with it. The child also noted that the living conditions were deplorable, as he had to regularly collect rain water to take a shower, had a limited supply of canned food, no electricity, and no bathrooms were located on the property.

On January 2[4], 2019[, Appellant] entered an open plea of guilt, providing the sentencing court full discretion in determining sentencing, to one count of corruption of minors (misdemeanor of the first degree), [730] counts of sexual intercourse with animals (misdemeanor of the second degree), and [730] counts of cruelty to animals (summary offense). At the ... sentencing hearing, it was determined that [Appellant] had a prior record score of zero. The standard range for corruption of minors [was] restorative sanctions [to] three months[' incarceration]. This court sentenced [Appellant] in the aggravated range to six months[' to] two years[' incarceration] for corruption of minors. The standard range for sexual intercourse with animals [was] restorative sanctions. This court sentenced [Appellant] in the aggravated range to three ... [to] six months[' imprisonment] on the first [78] counts of sexual intercourse with ... animal[s,] to be served consecutively. Cruelty to animals is a summary offense. [Appellant] was sentenced to two years['] probation for cruelty to animals[,] to be served concurrent to the above[-]mentioned sentence. Additionally, this court determined [Appellant] shall have no unsupervised contact with anyone under the age of eighteen years old, and shall not

consume alcohol.[1]  In making its determination, the court noted ... the severity of the acts, the number of acts committed by [Appellant], the fact that [Appellant] videoed the acts, and the harm that resulted [to] the child from viewing these videos at all, but especially at such a young age.

On [June 25], 2019, [Appellant's] motion for reconsideration of sentence was heard.  On the sexual intercourse with animals sentence, defense counsel argued that by using the amount of counts as a reason for sentencing in the aggravated range, this court [had] double-aggravat[ed] the charges.  Defense counsel further argued that the majority of the sentence imposed related to the sexual intercourse with animals charge[,] rather than the corruption of minors charge, which he deemed to be backwards.  ...  The Commonwealth responded that each count constitutes a specific instance of criminal conduct, and that [Appellant] should be sentenced accordingly.

Trial Court Opinion (TCO), 8/20/19, at 1-3 (unnecessary capitalization omitted).

We note that in Appellant's post-sentence motion and at the hearing thereon, he asked the court to amend the portion of his sentence prohibiting him from having any contact with minors to precluding only unsupervised contact with children.  The court granted this aspect of Appellant's motion and amended the sentencing order accordingly.  In all other respects, the court denied Appellant's post-sentence motion.

Appellant filed a timely notice of appeal, and he timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  The court filed its Rule 1925(a) opinion on August

_____

[1] Measnikoff and Wallace also pled guilty to the same offenses as Appellant, and were both sentenced to identical, aggregate terms of 20 to 41 years' incarceration.  Measnikoff's appeal is docketed at 1405 WDA 2019, and Wallace's appeal is docketed at 904 WDA 2019.

- 3 -

20, 2019. Herein, Appellant states one issue for our review: "Did the [trial] court err in imposing a sentence that was manifestly excessive in that it: failed to account for the rehabilitative needs of [Appellant], was inconsistent with the protection of the public, does not factor in [Appellant's] lack of a prior record, there is the absence of aggravating circumstances[,] and[] there is a disparity between the charges concerning the animals and the charge concerning the minor." Appellant's Brief at iv.[2]

Appellant's issue implicates the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. Commonwealth v. Sierra, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> Commonwealth v. Evans, 901 A.2d 528, 533 (Pa. Super. 2006), appeal denied, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. Commonwealth v. Mann, 820

---

[2] Appellant sets forth three additional issues in his Statement of the Questions Involved, but then states he is withdrawing those claims in the Argument portion of his brief. See Appellant's Brief at 10. Therefore, we do not address those claims herein.

> A.2d 788, 794 (Pa. Super. 2003), appeal denied, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. Commonwealth v. Paul, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Sierra, supra at 912–13.

Commonwealth v. Griffin, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010)).

In this case, Appellant preserved his sentencing issue in his post-sentence motion, he filed a timely appeal, and he has included a Rule 2119(f) statement in his appellate brief. Therein, he contends that we should grant his "request for allowance of appeal with respect to the discretionary aspects of his sentence because this matter involves circumstances where the application of the guidelines are clearly unreasonable, resulting in an excessive sentence due to the [trial] court['s] running multiple counts consecutive[ly]." Appellant's Brief at 5. Notably, Appellant does not explain what circumstances make the court's decision to impose consecutive sentences unreasonable in this case. He also cites no case law to support that this claim constitutes a substantial question for our review. In other words, nothing in Appellant's Rule 2119(f) statement amounts to "a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the

fundamental norms which underlie the sentencing process." Griffin, 65 A.3d at 935 (citation omitted).

Nevertheless, even had Appellant demonstrated a substantial question for our review, we would conclude that no relief is due. We are mindful that:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Shugars, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Here, Appellant argues that "the court's sentence was unnecessarily and excessively focused on deterrence and incapacitation[,]" rather than on his rehabilitative needs. Appellant's Brief at 8. He acknowledges that in the court's Rule 1925(a) opinion, it stated:

> This [c]ourt determined that a long incarceration will allow [Appellant] adequate time to work on his mental health through treatment and time to refrain from said acts so that he may become a healthy, law abiding, and productive member of society. This [c]ourt determined that it will take a significant amount of time to undo the harm that has been done within [Appellant's] own mind.

TCO at 6. Appellant complains that the court made the decision that his rehabilitation required a lengthy term of incarceration without "any psychological evaluation … or any expert testimony as to the amount of time necessary for Appellant to be rehabilitated…." Appellant's Brief at 9.

However, our review of the record confirms that Appellant at no point requested that a psychological evaluation be conducted, or sought to admit expert testimony regarding his rehabilitative needs. Moreover, in the court's opinion, it explained that it imposed aggravated-range sentences consecutively because it discerned that a lengthy term of incarceration is warranted not only for Appellant's rehabilitative needs, but also to protect society from his criminal propensities, and because "[t]he nature and severity of these crimes shocked the consciousness of [the] court." TCO at 6. The court stressed that "[f]or four [to] five years[, Appellant] regularly had sexual intercourse with goats, a cow, dogs[,] and horses. He filmed video[s] of these acts. He recruited a child's involvement in helping facilitate the sexual encounters with the animals. For years[,] this behavior continued until the child reported it to the police." Id. at 6-7. Accordingly, the court determined that consecutive, aggravated-range sentences were appropriate. It balanced this decision by only sentencing Appellant on 78 of the 730 counts of sexual intercourse with animals. Given this record, and the circumstances of this case, we would discern no abuse of discretion by the court in sentencing Appellant, even had he presented a substantial question for our review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/7/2020